MARY  BROCKWAY  *et al.*,  Appellees,  v.  MARY  A. HARRINGTON, Appellant.

1.  **Deed:** MENTAL CAPACITY : EVIDENCE.  The defendant's husband, at the age of seventy-five, and while seriously ill from a complication of diseases, executed a deed two days before his death, whereby he conveyed to defendant a farm of one hundred acres, valued at from thirty-five hundred dollars to five thousand dollars, for an expressed consideration of one hundred dollars.  The attorney, who drew up the deed, was sent for by the wife, at the husband's request, and the latter explained to the attorney that one tract of land in an old deed, from which the description was to be taken, was not then owned by him.  The physician, who attended the husband during the sickness, testified that he was in such a condition of mind as to be able to do but little business. The defendant had been married to her husband but two years, and was fifty-one years of age at the time of his death.  Previous to his last illness, the husband had stated to an attorney that he intended that his wife should have the land in question.  *Held,* that the evidence showed sufficient capacity in the husband to execute the deed, and that the charge of undue influence was not supported by the evidence.

2.  ———— : CONSIDERATION.  A deed imports a consideration, and want of consideration must be established by affirmative proof.

3.  ———— : ————.  In the absence of fraud, a deed will not be held invalid for mere inadequacy of consideration.

*Appeal from Lee District Court.*—HON. CHARLES H. PHELPS, Judge.

WEDNESDAY, JANUARY 28, 1891.

ACTION in chancery to annul and set aside a deed on the ground that it was obtained by undue influence, while the grantor was in an enfeebled condition of mind and body. A decree was entered for plaintiff, after a trial upon the merits. The defendant appeals. *Reversed.*

*Sabert M. Casey,* for appellant.

*Van Valkenburg & Hamilton,* for appellees.

BECK, C. J.—I. The defendant is the widow of John Harrington, who died at the age of more than seventy-five years. The defendant was his second wife. She was about fifty-one years old at the time of his death, and had been married to him a little more than two years. His children had all reached years of maturity, and none of them lived with him. Two days before his death, he executed a deed conveying to his wife his farm, which was their homestead. It contained about one hundred acres, and is variously estimated to be worth from thirty-five hundred to five thousand dollars. When the deed was executed he was very sick with acute pneumonia and inflammation of the urinary organs, suffering greatly, and was under the influence of medicine prescribed by his physician. His wife sent, at his request, for Mr. Joy, four days before his death, to whom he expressed his intention to convey his land to his wife. Mr. Joy obtained old deeds to ascertain the description of the land, and returned to his house, promising to come again on the next day with the deed properly prepared. He was unable to determine from the deed the correct description of the land to be conveyed, and returned the next day without the deed, and advised Mr. Harrington

*1. DEED: mental capacity: evidence.*

of the fact. Thereupon he informed Mr. Joy that a tract of land about which the uncertainty arose was not owned by him. Mr. Joy then prepared a deed, and took his acknowledgment thereof. Two days afterward he died. The physician who attended Mr. Harrington testified that "he was in such a condition of mind as to be able to do but little business," but in the same connection makes the following statement: "I had no conversation with him, that I recollect of, during his entire sickness, except as to matters appertaining to his symptoms and treatment." The physician, in effect, exhibits in his evidence doubt as to Mr. Harrington's capacity to make the deed. But, in view of all his testimony, we think it rather supports the conclusion that Mr. Harrington was *compos mentis*, wholly capable of executing the deed.

II. One fact gives irrefragable support to the conclusion that Mr. Harrington had sufficient mental capacity to execute the deed, and was not induced thereto by undue influence. Not long after Mr. Harrington's marriage with defendant he had a severe spell of sickness, during which he executed a will prepared by Mr. Joy. We understand that this will gave the property in controversy to defendant, though the fact does not clearly appear. After his recovery he was advised by Mr. Joy that he ought to have a more formal will executed. He then said that he intended that his wife should have the land in question, and he desired that she should have no trouble in securing it. Mr. Joy suggested that he execute to her a deed. This was while he was in good health, and was a short time before he was taken with his last sickness.

III. There is evidence given in behalf of plaintiffs which tends to support their claim that Mr. Harrington had not sufficient capacity to execute the deed, but it is overcome by the decided preponderance of evidence on the other side.

IV. There is no evidence supporting plaintiffs' claim that Mr. Harrington was induced to execute the

deed by undue influence exercised by defendant or others.

V. It is insisted that the evidence given by the defendant showing a consideration for the deed is not competent. It may be so assumed, for the purpose of the case, and her testimony will not be considered by us. But there is some other evidence of an actual consideration. The deed implies a consideration, without evidence to the contrary. There is no evidence tending to show want of consideration.

2. ——: consideration.

VI. It is insisted that the consideration expressed in the deed—one hundred dollars—is grossly inadequate. But, as we find that Mr. Harrington was wholly capable of making the deed, it must be held as valid, without regard to the amount of the consideration, in the absence of fraud or deception affecting the consideration. We unite in the opinion that, under the evidence, we are compelled to hold that defendant's title to the land in question cannot be defeated upon the grounds urged by plaintiffs.

3. THE same.

The cause will be remanded to the court below for a decree in accord with this opinion, or, at plaintiffs' option, such decree may be entered in this court. REVERSED.